James David **SMITH**, Plaintiff–
Appellant,

v.

Bryan **MCGARVIE**; et al.,
Defendants–Appellees.

No. 07–35528.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed April 7, 2009.

James David Smith, Monroe, WA, pro
se.

Peter W. Berney, Esq., AGWA–Office of
the Washington Attorney General, Crimi-
nal Justice Division, Olympia, WA, for De-
fendants–Appellees.

Before: LEAVY, HAWKINS, and
TASHIMA, Circuit Judges.

MEMORANDUM **

James David Smith, a Washington state
prisoner, appeals pro se from the district
court's summary judgment in favor of de-
fendants in his 42 U.S.C. § 1983 action
alleging various claims, including deliber-
ate indifference to his serious medical
needs. We have jurisdiction under 28
U.S.C. § 1291. We review de novo, *Togu-
chi v. Chung*, 391 F.3d 1051, 1056 (9th
Cir.2004), and we affirm.

The district court properly granted sum-
mary judgment on Smith's deliberate indif-
ference claim because Smith failed to raise
a genuine issue of material fact as to
whether defendants knew of and disre-
garded a substantial risk of serious harm
to him. *See id.* at 1057 (deliberate indif-
ference standard); *id.* at 1058 (explaining
that a difference of medical opinion con-
cerning treatment does not amount to de-
liberate indifference).

The district court properly granted sum-
mary judgment on Smith's other claims
because Smith failed to exhaust adminis-
trative remedies. *See Booth v. Churner*,
532 U.S. 731, 734, 738–41, 121 S.Ct. 1819,

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

149 L.Ed.2d 958 (2001) (requiring exhaustion of administrative remedies where some relief is available in administrative proceedings, even if the prisoner seeks different relief).

The district court did not abuse its discretion by allowing the parties to file additional motions for summary judgment after the applicable law changed. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir.2002) ("The district court has considerable latitude in managing the parties' motion practice[.]"); *see also Knox v. Sw. Airlines*, 124 F.3d 1103, 1105–06 (9th Cir.1997) (rejecting contention that successive motions for summary judgment were impermissible).

Smith's motion for leave to file amended and supplemental pleadings is denied.

Smith's remaining contentions are unpersuasive.

**AFFIRMED.**